Robert E. MONTGOMERY and
Lenora H. Montgomery,
Plaintiffs–Appellees,

v.

UNITED STATES of America,
Defendant–Appellant.

No. 93–3101.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 9, 1994.

Decided March 10, 1994.

Thomas J. O'Rourke (argued) and Virginia
H. Johnson, Shaw, Bransford & O'Rourke,
Washington, DC, for plaintiff-appellee.

John J. Thar, Jeffrey L. Hunter, Asst. U.S.
Attys., Office of the U.S. Atty., Indianapolis,
IN, Gary R. Allen, Charles Bricken (argued),
Bruce R. Ellisen, and Michael W. Davis,
Dept. of Justice, Tax Div., Appellate Section,
Washington, DC, for defendant-appellant.

Before POSNER, Chief Judge, BAUER,
Circuit Judge, and NORGLE, District
Judge.*

POSNER, Chief Judge.

The government appeals from an adverse judgment in a suit for refund of federal income tax. 829 F.Supp. 1061 (S.D.Ind. 1993). The taxpayer was a participant in the Civil Service Retirement System, 5 U.S.C. §§ 8331 *et seq.*, a pension plan for federal employees pursuant to which he made regular contributions from his after-tax income to the Civil Service Retirement and Disability Fund. The contributions were matched by the government and the sum of his and the government's contributions were invested in government interest-bearing securities. 5 U.S.C. §§ 8334(a)(1), 8348(c). The plan entitled him to an annuity upon retirement determined by his salary and years of service at retirement. Neither the government's contribution nor the interest on his and its contributions had been deemed taxable income to him in the year that the government contribution was made or interest accrued. The only income that had been taxed then had been the part of the taxpayer's income that the government had withheld and paid over to the Civil Service Retirement System as his contribution.

In order to assure that income will be taxed once but not more than once, the Internal Revenue Code deems an annuity to have two components, one taxable, one not. 26 U.S.C. § 72. The nontaxable component is the amount that the employee contributed on which he had already paid income tax. The taxable component is the rest of the annuity, that is, the employer's contribution plus any interest on the employer's and employee's contributions that is reflected in the annuity. Where as in the case of the Civil Service Retirement System the annuity is fixed by the employment contract rather

* Hon. Charles R. Norgle, Sr. of the Northern District of Illinois.

than being dependent on the performance of the pension fund, the interest as such does not enure to the benefit of the annuitant, since his entitlement is unaffected by the fund's investment performance. He is entitled to a fixed amount at regular intervals until he dies. (There is a spousal entitlement as well, 5 U.S.C. § 8341, but we can ignore that.) That fixed amount is the annuity called for in his contract. The taxable portion of the annuity is therefore simply the difference between the contractual entitlement and the amount of the annuity that represents repayment of the annuitant's own after-tax investment. In this fashion, income not taxed when originally earned is taxed when received as annuity income, but income that was taxed when originally received is not taxed in its second coming as annuity income.

Section 72 does not permit the annuitant to postpone his tax liability by deeming all his annuity income a return of his investment until his cumulative annuity income exceeds his total investment. Instead the investment is divided by the number of annuity payments that the life-expectancy tables project the annuitant as receiving and the quotient is deducted for tax purposes from each payment and the balance is taxable. 26 U.S.C. §§ 72(b)(1), (c)(3)(A); *LaFargue v. Commissioner*, 800 F.2d 936, 938 (9th Cir.1986).

So far, so good. But in 1986 Congress authorized these federal civil service retirees to elect to receive an "alternative form of annuity" consisting of a lump sum up front equal to the retiree's investment, plus an appropriately reduced annuity paid periodically thereafter. 5 U.S.C. § 8343a. The taxpayer in this case made the election. (The right of election has since been confined to retirees who face a life-threatening condition. 5 U.S.C. § 8343a(f).) But he claims that no part of the lump sum is taxable income. The argument he makes in support of this claim was accepted in *Guilzon v. Commissioner*, 985 F.2d 819, 821–23 (5th Cir.1993), although the claim itself was rejected on another ground. The claim was also rejected in *Shimota v. United States*, 21 Cl.Ct. 510 (1990), aff'd, 943 F.2d 1312 (Fed.Cir.1991), and both

claim and argument in *George v. United States*, 30 Fed.Cl. 371, 376–79 (Fed.Cl.1994).

The taxpayer's argument is based on 26 U.S.C. § 72(d), which provides that "employee contributions (and any income allocable thereto) under a defined contribution plan may be treated as a separate contract." That is, if an employee who has made contributions to a defined contribution plan withdraws his contributions together with any interest or other income that those contributions have earned, the tax consequences of this withdrawal are examined in isolation from any other pension contract that he may have. The part of the withdrawal that consists of his contributions—the part, that is, that is simply a return of his investment—is nontaxable. So if there was no income on the contributions, there is no tax. 26 U.S.C. § 72(e)(5)(E). Our taxpayer, Mr. Montgomery, just got his contributions back, with no income; so he claims to owe no tax.

There is a rub, though. The Civil Service Retirement System is not a defined contribution plan, but a defined benefit plan. The difference is simply this. In a defined contribution plan, either the employee or the employer, or more commonly both, are required to make specified contributions to a retirement fund for the employee. The fund is invested, and when the employee retires he simply withdraws the balance, consisting of his contributions, plus his employer's contributions, plus (minus) the investment gains (losses) of the fund. Thus his retirement benefit is not "defined," since it depends on the investment performance of the retirement fund. In the case of a defined benefit plan, the retirement benefit is fixed (usually by reference to a formula based on salary and years of service) and usually the employee's contributions are fixed as well, but the employer's contribution to the benefit is not fixed—not definitively at any rate, since if the retirement fund performs below expectations the employer will have to reach deeper into his pocket in order to make good his contractual obligation to pay the retirement benefit specified in the plan, while if the fund's investment performance is exceptional the employer may not have to contribute in order to fund the pension benefits that it has

agreed to pay. On the difference between defined contribution and defined benefit plans, see, e.g., *Bash v. Firstmark Standard Life Ins. Co.*, 861 F.2d 159, 163 (7th Cir. 1988); Stephen R. Bruce, *Pension Claims: Rights and Obligations* 14–15 (2d ed. 1993). These are ERISA references, but the Internal Revenue Code defines the two types of plan identically to ERISA. Compare 26 U.S.C. §§ 414(i), (j), with 29 U.S.C. §§ 1002(34), (35). Cf. *Gillis v. Hoechst Celanese Corp.,* 4 F.3d 1137, 1144–45 (3d Cir. 1993).

There are also, however, hybrid plans—defined benefit plans with a variable component based on investment performance, and then the variable component is treated for purposes of section 72(d) as if it were a separate defined contribution plan. 26 U.S.C. § 414(k)(2). Montgomery contends that the "alternative form of annuity" created by section 8343a is a hybrid consisting of a defined contribution feature—the lump sum—and a defined benefit feature—the (reduced) annuity. The defined contribution component of a hybrid plan is defined in section 414(k)(2) as consisting of benefits "based on the separate account of a participant." Well, says Mr. Montgomery, he had a separate account—a bookkeeping entry in the Civil Service Retirement System's computer showing the amount he had contributed. 5 U.S.C. § 8334(f). We do not think that that is what "separate account" means. To the extent that *any* form of retirement benefit, such as the benefit provided by the alternative form of annuity, is keyed to the amount of the employee's contributions, the pension fund must keep a record of those contributions. The reference to separate account, if it is to identify a meaningful distinction between a defined benefit plan and a defined contribution plan, must be intended to distinguish between an entitlement to some share in an invested fund, the share depending on the contributions made by the employer and the employee and on the investment performance of those contributions, and a contractually fixed entitlement that is wholly independent of investment performance. The alternative form of annuity does not create a separate account in the former sense. It merely records the employee's contributions. *Connolly v. Pension Benefit*

*Guaranty Corp.*, 581 F.2d 729, 733 (9th Cir. 1978).

The investment-performance feature of defined contribution plans is essential (the point missed in the *Guilzon* opinion, which described the feature as optional). As far as we know, there are no defined contribution plans in which the employee's only entitlement is to the return of his contributions, with everything above that going to the employer. That would be the equivalent of lending money long term at zero interest. (Shades of the old "Christmas Club" accounts, but they were for a year at the longest.) It is not how pensions are funded, and it is not what the alternative form of annuity created by 5 U.S.C. § 8343a contemplated. The alternative form did not create a hybrid consisting of a defined benefit component and a defined contribution component; it merely accelerated the payment of a portion of the annuity, a defined benefit. The fact that the amount of acceleration was tied to the amount of the employee's contributions did not create a defined contribution plan, for, to repeat, there is no such plan that simply returns the employee's contributions to him. The alternative form of annuity was a defined benefit plan with an acceleration feature arbitrarily tied to the employee's contributions but not on that account a defined contribution plan.

REVERSED.