ELNO D. AND SANDRA H. ROUNDY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Roundy v. Commissioner
Docket No. 13957-93
United States Tax Court
T.C. Memo 1995-298; 1995 Tax Ct. Memo LEXIS 293; 70 T.C.M. (CCH) 6; July 6, 1995, Filed *293 Decision will be entered for respondent except with respect to the conceded addition to tax. Elno D. Roundy, pro se. For respondent: Fred E. Green, Jr.
COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 8,418 in petitioners' Federal income tax and an addition to tax under section 6661(a) in the amount of $ 1,684 for the taxable year 1989. By amendment to answer, respondent subsequently increased the deficiency in petitioners' Federal income tax to $ 11,705 and increased the addition to tax to $ 2,341, correcting the applicable section reference to section 6662(a). Respondent subsequently conceded the addition to tax. The issues remaining for decision are: (1) Whether a lump-sum payment received by petitioner Elno D. Roundy (petitioner) from the Civil Service Retirement System (CSRS) fund is includable in petitioners' gross income; (2) whether petitioners are liable for a 10-percent additional tax on early distributions from a qualified retirement plan pursuant to section 72(t); and (3) whether petitioner is entitled to equitable relief under the U.S. Constitution. Unless otherwise indicated, all section references are to *294 the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners, husband and wife, resided in Kingman, Arizona, at the time the petition was filed. Petitioner worked for the U.S. Government for 26-1/2 years as a range conservationist for the Bureau of Land Management. While employed there, petitioner participated in the CSRS and made contributions to that fund totaling $ 32,886.62. Petitioner's contributions were taxed during the years in which the contributions were made. In 1989, petitioner, then 48 years old, retired from the Bureau of Land Management due to job abolishment. During 1989, petitioner received a lump-sum payment in the amount of $ 32,886.62 and monthly annuity installments totaling $ 5,311.83 from the Office of Personnel Management (OPM) pursuant to the CSRS. On their joint Federal income tax return for 1989, petitioners reported $ 5,311.83 as annuity income received from OPM. Petitioners did not report any portion of the lump-sum payment as income *295 on their 1989 tax return. Respondent determined that the $ 32,886.62 lump-sum distribution was includable in petitioners' gross income in 1989. Respondent subsequently amended her answer, pursuant to Rule 41(a), and identified the lump-sum distribution as being subject to the 10-percent additional tax on early distributions from a qualified retirement plan under section 72(t). OPINION Lump-Sum Payment
The first issue for our consideration is whether the lump-sum payment of $ 32,886.62, received by petitioner from the CSRS, constitutes taxable income. Petitioner argues that the payment does not constitute taxable income because it is a refund of the previously taxed contributions that he made to the CSRS. He contends that taxing the distribution results in "double taxation" and is unconstitutional. Respondent maintains that the lump-sum distribution is not a return of petitioner's after-tax contributions to the CSRS. Rather, in respondent's view, the lump-sum payment to petitioner represents an accelerated distribution of annuity payments that would otherwise have been paid to petitioner and is includable in petitioner's gross income under sections 72(e)(2)(A) and 402(a). *296 Petitioner is correct in asserting that his contributions to the CSRS have previously been taxed. The amount withheld from an employee's salary is taxable in the year in which the deduction is made. Malbon v. United States, 43 F.3d 466, 467 (9th Cir. 1994); Hogan v. United States, 513 F.2d 170, 175 (6th Cir. 1975); Shimota v. United States, 21 Cl. Ct. 510, 512 (1990), affd. 943 F.2d 1312 (Fed. Cir. 1991). The amount contributed by the employing agency and any interest earned on the employee's investment are not taxed to the employee until distribution. Secs. 72, 402(a). Both parties agree that petitioner's contributions to the CSRS should be recovered tax free. Petitioner, however, maintains that he is entitled to recover his contributions, free of tax, up front because the lump-sum payment he received from CSRS represents a refund of his contributions. Petitioner contends that the Court should focus on the statutory definition of the term "lump-sum credit", which is not defined in the Internal Revenue Code, to determine the nature of the payment. The term "lump-sum *297 credit" is defined in 5 U.S.C. sec. 8331(8) (Supp. 1987) as "the unrefunded amount consisting of -- (A) retirement deductions made from the basic pay of an employee or Member." Petitioner is mistaken in his characterization of the lump-sum payment he received. Petitioner's lump-sum distribution was made pursuant to 5 U.S.C. sec. 8343a (Supp. 1987), which permits the continued receipt of an annuity, reduced by the actuarial value of the lump-sum payment. The sum of the lump-sum payment and the reduced annuity should be actuarially equivalent to the basic annuity that petitioner would have received in accordance with the CSRS retirement plan. Id.
The fact that the contribution amount was the measure of the lump-sum does not affect the ultimate amount of the benefit as a whole. The difference merely depends on whether the former employee received the entire benefit spread out over the life of the annuity, or whether a portion was accelerated to be paid at the time of retirement. * * * [Malbon v. United States, supra at 470.] Thus, the lump-sum distribution is an accelerated *298 distribution of annuity payments that would otherwise be paid to the retiree over the expected duration of the CSRS annuity. Montgomery v. United States, 18 F.3d 500, 502 (7th Cir. 1994); George v. United States, 30 Cl. Ct. 371, 377 (1994); Shimota v. United States, supra at 522; 5 C.F.R. sec. 831.2205 (1995). Furthermore, the reference to the "lump-sum credit" in 5 U.S.C. sec. 8343a deals with the situation where the recipient gives up his right to any annuity whatsoever in exchange for the payment of such a credit, a situation that does not exist here. Guilzon v. Commissioner, 97 T.C. 237, 243 (1991), affd. 985 F.2d 819 (5th Cir. 1993). The distributions that petitioner received from the CSRS are subject to taxation under section 72 pursuant to section 402(a). The law is well established that section 72 is applicable to distributions received pursuant to the CSRS. Malbon v. United States, supra at 468; Shimota v. United States, supra at 519-520; *299 sec. 1.72-2(a)(3)(iii), Income Tax Regs.Section 402(a) provides: the amount actually distributed to any distributee by any employees' trust described in section 401(a) which is exempt from tax under section 501(a) shall be taxable to him, in the year in which so distributed, under section 72 (relating to annuities). * * * [Emphasis added.] The CSRS is a plan that meets the requirements of section 401(a). Shimota v. United States, supra.A "lump-sum" payment from the CSRS is a payment from a plan described in section 401(a) and is treated as a payment under an annuity contract. Kirkland v. Commissioner, T.C. Memo. 1994-220; Twombly v. Commissioner, T.C. Memo. 1991-416. Such payment is subject to tax as a payment received under an annuity contract that is "not received as an annuity" under section 72(e)(1)(A). Guilzon v. Commissioner, supra; Shimota v. United States, supra.
The annuity portion of the distribution that petitioner is receiving will be taxed under section 72(a), (b), and (c). Petitioner will recover *300 his contributions to the CSRS tax-free pro rata over the term of his annuity, and the portion of the annuity representing the employer's contribution plus any interest will be subject to tax when received. Malbon v. United States, supra at 470. Petitioner further argues that, if the lump-sum payment is subject to tax under section 72, this tax should be spread over the lifetime of the annuity. In petitioner's view, because the present value of the alternative provided for by 5 U.S.C. sec. 8343a, including the lump-sum payment, is to be actuarially equal to the present value of the annuity that would otherwise be provided by the CSRS, the value of the lump-sum payment received must be spread and taxed over the lifetime of the annuitant. The law is contrary to petitioner's view, however. Section 402(a), as set forth above, expressly provides that the amount actually distributed is taxable "in the year in which so distributed," under section 72. Thus, the lump-sum payment that was received by petitioner is taxable in 1989. Malbon v. United States, supra at 471; Montgomery v. United States, supra at 502. *301 Additional Tax -- Section 72(t)
Respondent argues that petitioner is liable for the 10-percent additional tax imposed on early distributions from a qualified retirement plan under section 72(t). Petitioner maintains that the 10-percent tax for early distributions from a retirement plan applies only to private pension plans and is not applicable to the CSRS. Section 72(t)(1) provides: If any taxpayer receives any amount from a qualified retirement plan (as defined in section 4974(c)), the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income. A qualified retirement plan, as defined in section 4974(c), is a "plan described in section 401(a) which includes a trust exempt from tax under section 501(a)" and a "plan" that the Secretary at any time has determined to be such a plan. The CSRS is a plan described in section 401(a). Shimota v. United States, 21 Cl. Ct. 510 (1990). According to petitioner, section 72(t) applies only to private pension plans because the CSRS has its own statute covering *302 early withdrawal in 5 U.S.C. sec. 8339(h) (Supp. 1987). That section provides that the annuity be reduced by one-sixth of 1 percent for each full month the employee is under the age of 55. Thus, petitioner concludes that, because he was 48 years old at the time of retirement, he was assessed a 14-percent penalty for early retirement and will now be subject to a double penalty if respondent is permitted to impose a 10-percent additional tax. Section 72(t)(2) lists six detailed exceptions to the application of the 10-percent additional tax on early distributions. One exception is that the additional tax will not be imposed when a distribution is "made on or after the date on which the employee attains age 59-1/2". Sec. 72(t)(2)(i). Petitioner maintains that this exception illustrates that there is an inconsistency between the CSRS and section 72 because age 55, not age 59, is the first age for full retirement under title 5. Therefore, in petitioner's view, section 72(t) was not intended to be imposed on distributions under the CSRS. Respondent contends that the reduction in petitioners' annuity pursuant to 5 U.S.C. sec. 8339 *303 (h) (Supp. 1987) and the applicability of the additional tax pursuant to section 72(t) are unrelated and will not cause petitioners to suffer a double tax or a double penalty. Respondent maintains that the reduction in petitioners' annuity, as provided for under 5 U.S.C. sec. 8339(h), is not a penalty but rather a necessary calculation because petitioner retired at the age of 48, not the retirement age of 55. Furthermore, in respondent's view, section 72(t) clearly applies to the CSRS. We agree with respondent that early distributions from the CSRS are subject to section 72(t). The specific reference in section 72(t)(1) to a "qualified retirement plan (as defined in section 4974(c))" does not allow an exception for early distributions from the CSRS. Section 4947(a) distinguishes between "qualified retirement plans" and "eligible deferred compensation plans". The CSRS is a "qualified retirement plan" and not an "eligible deferred compensation plan". The latter is provided for under section 457(b), which applies only to the plans of tax-exempt organizations and State and local governments. Shimota v. United States, supra at 526. *304 Congress specifically exempted amounts distributed from unfunded deferred compensation plans of tax-exempt organizations or State and local government employers (sec. 457 plans). H. Conf. Rept. 99-841, at II-455 (1986), 1986-3 C.B. (Vol. 4) 1, 455. No such explicit exemption was provided for the CSRS. Section 72(t)(2) provides for several detailed exceptions to the 10-percent additional tax. The CSRS is absent from this list. There is no inherent inconsistency between section 72 and the CSRS with respect to retirement ages. The retirement age qualification for full benefits varies under the CSRS depending upon the years of civil service an employee has completed. 5 U.S.C. sec. 8412(a), (b), (c), (h)(1) (Supp. 1987). Petitioner does not argue that any of the exceptions apply to him, and there is no evidence indicating that the distribution to petitioner qualifies for exemption from tax under any of the other exceptions specified in section 72(t)(2). Respondent's determination of the 10-percent additional tax under section 72(t) must be sustained. Clark v. Commissioner, 101 T.C. 215, 224-225 (1993); *305 Shimota v. United States, supra at 526. Equity Under the U.S. Constitution
Petitioners contend that to rule in respondent's favor would violate equitable principles embodied in the U.S. Constitution. The Tax Court is a court of limited jurisdiction and lacks general equitable powers. Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Hays Corp. v. Commissioner, 40 T.C. 436 (1963), affd. 331 F.2d 422 (7th Cir. 1964); see sec. 7442. Our jurisdiction to grant equitable relief is limited. See Woods v. Commissioner, 92 T.C. 776, 784-787 (1989); Estate of Rosenberg v. Commissioner, 73 T.C. 1014, 1017-1018 (1980). We have no authority to disregard the express provisions of statutes adopted by Congress, even where the result in a particular case seems harsh. See, e.g., Estate of Cowser v. Commissioner, 736 F.2d 1168, 1171-1174 (7th Cir. 1984), affg. 80 T.C. 783, 787-788 (1983). Decision will be entered for respondent except with respect to the *306 conceded addition to tax.