T.C. Memo. 1996-212


UNITED STATES TAX COURT


LOUIS R. AND GREGORIA S. GOMEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 16990-94.                    Filed May 1, 1996.


Louis R. Gomez and Gregoria S. Gomez, pro se.

<u>Gerald L. Brantley</u>, for respondent.


MEMORANDUM OPINION

COHEN, <u>Judge</u>:  Respondent determined deficiencies in
petitioners' Federal income taxes as follows:

| Year | Deficiency |
|------|------------|
| 1987 | $32,142 |
| 1988 | 3,829 |
| 1989 | 6,977 |

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions, the issue remaining for decision is whether any portion of a lump-sum payment to Louis R. Gomez from the Civil Service Retirement System in the amount of $52,227.53 in 1987 is includable in petitioners' gross income.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. At the time the petition was filed, petitioners resided in Las Cruces, New Mexico.

Louis R. Gomez (petitioner) was employed by the National Aeronautics and Space Administration (NASA) from July 30, 1964, until his retirement on December 19, 1986. As an employee of NASA, petitioner was subject to the Civil Service Retirement System (CSRS). Because petitioner's creditable service included service with the U.S. Army, the date for computation of his benefit commenced July 30, 1961. At retirement, petitioner had accumulated service for computing his retirement benefit of 25 years and 10 months.

Petitioner's total contributions plus deemed deposits and redeposits in his CSRS account were $53,419 on the annuity starting date. Petitioner's highest three salary periods (used

to compute his benefits) were 1983, 1984, and 1985 in the amounts of $53,661, $55,807, and $57,759, respectively.

Upon his retirement, petitioner elected to receive the survivor's annuity for his spouse and a lump-sum payment under the annuity option. Taking into consideration the survivor's annuity option, the gross monthly rate of the annuity benefit was $1,925. Taking into consideration both the survivor's annuity and the lump-sum option, the gross monthly rate of the annuity benefit was $1,796.

During 1987, petitioner received CSRS payments that totaled $71,835.03, $52,227.53 of which was paid as a lump-sum payment and $19,607.50 of which was paid as an annuity payment.

## Discussion

Respondent determined that, based on the exclusion ratio calculated pursuant to section 72(b), petitioners were required to include a portion of the lump-sum payment from petitioner's CSRS in their gross income in 1987. Petitioners argue that such inclusion would result in double taxation of petitioner's investment in the CSRS and that the lump-sum payment should be treated as a separate account for purposes of section 72 because the CSRS plan in which petitioner participated qualifies, in part, as a defined contribution plan.

The amount withheld for CSRS from an employee's salary is taxable in the year in which the deduction is made. Malbon v. United States, 43 F.3d 466, 467 (9th Cir. 1994); Hogan v. United

States, 513 F.2d 170, 175 (6th Cir. 1975); Shimota v. United States, 21 Cl. Ct. 510, 512 (1990), affd. 943 F.2d 1312 (Fed. Cir. 1991). The amount contributed by the employing agency and any interest earned on the employee's investment are not taxed to the employee until distribution. Secs. 72, 402(a).

The parties agree that petitioner's contributions to the CSRS should be recovered tax-free. Petitioner, however, maintains that he is entitled to recover his contributions, free of tax, "up front" because the lump-sum payment he received from the CSRS represents a refund of his contributions. Respondent relies on section 72(b), which excludes a portion of each annuity payment from gross income, allowing for the tax-free recovery of the participant's contributions over the life of the annuity.

Petitioner's lump-sum distribution was made pursuant to 5 U.S.C. sec. 8343a (Supp. 1987), which permits the continued receipt of an annuity, reduced by the actuarial value of the lump-sum payment. The total of the lump-sum payment plus the reduced annuity should be actuarially equivalent to the basic annuity that petitioner would have received in accordance with the CSRS plan. Id. As explained in Malbon v. United States, supra at 471:

> The fact that the contribution amount was the measure
> of the lump-sum does not affect the ultimate amount of
> the benefit as a whole. The difference merely depends
> on whether the former employee received the entire
> benefit spread out over the life of the annuity, or
> whether a portion was accelerated to be paid at the
> time of retirement. * * *

Thus, the lump-sum distribution is an accelerated distribution of annuity payments that would otherwise be paid to the retiree over the expected duration of the CSRS annuity.  Montgomery v. United States, 18 F.3d 500, 502 (7th Cir. 1994); George v. United States, 30 Fed. Cl. 371, 377 (1994); Shimota v. United States, supra at 522.

The distributions that petitioner received from the CSRS are subject to taxation under section 72 pursuant to section 402(a). Section 72 is applicable to distributions received pursuant to the CSRS.  Malbon v. United States, supra at 468; Guilzon v. Commissioner, 97 T.C. 237, 242 (1991), affd. 985 F.2d 819 (5th Cir. 1993); Shimota v. United States, supra at 519-520; sec. 1.72-2(a)(3)(iii), Income Tax Regs.  Section 402(a) provides:

> the amount actually distributed to any distributee by any employees' trust described in section 401(a) which is exempt from tax under section 501(a) shall be taxable to him, in the year in which so distributed, under section 72 (relating to annuities).  * * *

The CSRS is a plan that meets the requirements of section 401(a). Guilzon v. Commissioner, supra at 241; Shimota v. United States, supra at 519-520.  A lump-sum payment from the CSRS is a payment from a plan described in section 401(a) and is treated as a payment under an annuity contract and is subject to tax under section 72(e)(2).  Guilzon v. Commissioner, supra at 242-243; Shimota v. United States, supra at 523.

Petitioners' argument that double taxation will occur is without merit.  Petitioner will recover his investment in the

CSRS tax-free.  This recovery, however, will be spread over the life of the retirement annuity pursuant to the section 72(b) exclusion ratio.

Petitioner also contends that the lump-sum payment should not be included in gross income because it constitutes a distribution from a defined contribution plan.  Section 72(d) provides that employee contributions under a defined contribution plan may be treated as a separate contract.  The result of such treatment would be that the lump-sum payment received by petitioner would be viewed in isolation from the annuity payments, and, thus, the lump-sum payment would be a simple return of his investment and nontaxable.  See sec. 72(e)(5)(E); Montgomery v. United States, supra at 501.

We have considered petitioners' argument and have concluded that the lump-sum payment does not fall within the definition of a defined contribution plan.  The cited decisions of the Fifth, Seventh, and Ninth Circuit Courts of Appeals and the Court of Federal Claims have used different reasoning to reach this same result, and it is unnecessary at this time to resolve the differences in approaches of the appellate decisions.  See Green v. Commissioner, T.C. Memo. 1994-340.

To reflect the foregoing and concessions of the parties,

Decision will be entered

under Rule 155.