T.C. Summary Opinion 2005-71

UNITED STATES TAX COURT

VINCENT A. SUAREZ, JR. AND ESTHER SUAREZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19455-03S.          Filed June 6, 2005.

Vincent A. Suarez, Jr. and Esther Suarez, pro sese.

<u>Ric D. Hulshoff</u>, for respondent.


PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times.

Respondent determined a deficiency of $3,359 in petitioners'
Federal income tax for 2001. The sole issue for decision is
whether petitioners are liable under section 72(t) for the 10-
percent additional tax on an early distribution from a qualified
retirement plan.

## Background

Some of the facts have been stipulated, and they are so
found. The stipulation of facts and the attached exhibits are
incorporated by this reference. Petitioners resided in Sierra
Vista, Arizona, at the time the petition was filed.

Petitioners, Victor A. and Esther Suarez, are husband and
wife. During the year in issue (2001), they were homeowners of
property at 4934 Raffaele Drive, in Sierra Vista, Arizona. In
2001, Victor A. Suarez (hereinafter petitioner) withdrew $33,590[1]
from his Individual Retirement Account (IRA). He received the
IRA distribution from National Financial Services, LLC. The
funds from the IRA were used for a downpayment and the rebuilding
costs of a house petitioners purchased from the Department of
Veterans Affairs in 2001.

Petitioners timely filed a Form 1040, U.S. Individual Income
Tax Return, for 2001. On their 2001 return, petitioners included
in gross income a distribution from petitioner's IRA account in

[1] On petitioners' Federal income tax return for 2001 the
amount of distribution from the IRA was listed as $33,590.54.
The stipulation of facts rounded the amount down to $33,590.

the amount of $33,590.  Petitioners did not report, on their 2001 return, the additional 10-percent tax imposed by section 72(t) with respect to the $33,590 distribution.

In the notice of deficiency, respondent determined that petitioners are liable for the 10-percent additional tax on the early distribution from petitioner's IRA.  Petitioners acknowledge that the distribution from the IRA does not qualify for any of the exceptions under section 72(t)(2)(A).

## Discussion

Section 72(t)(1) imposes an additional tax on early distribution from qualified retirement plans equal to 10 percent of the portion of such amount which is includable in gross income.  A qualified retirement plan includes a qualified pension or profit sharing plan under section 401(a).  Sec. 401(a)(1).

The section 72(t) additional tax does not apply to certain distributions.  Since petitioners concede that they do not come within any of the exceptions under section 72(t)(2)(A), we consider whether any other provisions would permit petitioners to be relieved from the 10-percent additional tax.

Section 72(t)(2)(F) provides, in relevant part, an exception to the 10-percent additional tax for distributions to an individual from an individual retirement plan which are qualified first-time home buyer distributions.  A qualified first-time home buyer distribution is any payment or distribution received by an

individual to the extent such payment or distribution is used by the individual to pay qualified acquisition costs with respect to a principal residence of a first-time home buyer who is such individual.  Sec. 72(t)(8)(A).[2]  A first-time home buyer, in relevant part, means any individual if such individual (and if married, such individual's spouse) had no present ownership interest in a principal residence during the 2-year period ending on the date of acquisition of the principal residence.  Sec. 72(t)(8)(D)(i)(I).

Petitioners cannot avail themselves of the first-time home buyer exception.  While the record is not entirely clear, the parties stipulated that "During 2001, petitioners were existing homeowners residing at 4934 Raffaele Drive, Sierra Vista, Arizona".  There was no argument put forth by petitioners that this was not their principal residence.  Based on this record, we conclude that petitioner's IRA distribution does not come within the provisions of section 72(t)(2)(F).

Petitioners argue that the withdrawal did not cause the Government harm because they have other retirement accounts, and that petitioners will not be a burden to the Government when they

---

[2] There is a lifetime limitation of $10,000 pursuant to sec. 72(t)(8)(B).

retire because they have "sufficient money to take * * * care of [them]selves".

Deductions, which are strictly construed, are a matter of legislative grace, and the burden of clearly showing the right to the claimed deduction is on the taxpayer.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  We are bound by the Internal Revenue Code, and it is within the province of the legislature to decide the circumstances of inclusion, deductions, and exceptions.  See Wilkins v. Commissioner, 120 T.C. 109, 112 (2003).  The 10-percent additional tax applies to early distributions unless otherwise specifically exempted.  Roundy v. Commissioner, 122 F.3d 835, 837 (9th Cir. 1997), affg. T.C. Memo. 1995-298.

Accordingly, respondent's determination that petitioners are liable for the 10-percent additional tax is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered for respondent.