Kerrigan, Judge: Respondent determined a deficiency of $4,590 with respect to petitioner’s Federal income tax for tax year 2010. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. The sole issue for consideration is whether a tax-free rollover occurred when petitioner withdrew funds from his traditional individual retirement account (IRA) to cover a deposit of the same amount to the Civil Service Retirement System (CSRS). FINDINGS OF FACT Some facts have been stipulated and are so found. Petitioner resided in Florida when he filed the petition. Petitioner was an employee of the Social Security Administration in 2009 and retired before April 13, 2010. He was eligible to participate in Federal Government retirement plans offered through the Office of Personnel Management (OPM), and he participated in CSRS during his years of Government service. After petitioner retired, OPM mailed him a letter on April 13, 2010, explaining that he could elect to increase his CSRS retirement annuity by remitting $17,832 with respect to creditable Government service for a period during which no retirement contributions had been withheld from his salary. The letter required that petitioner remit the funds within 15 days of the date of the letter. The letter was silent as to whether the remittance could be made through a tax-free rollover contribution. Petitioner elected to remit to CSRS the $17,832 to increase his retirement annuity. Because petitioner did not have sufficient funds to make the entire payment directly from his bank account, he borrowed a portion of the $17,832 from a friend. On April 27, 2010, petitioner mailed a check to OPM for $17,832. During 2010 petitioner maintained a traditional IRA with Fidelity Investments (Fidelity). Petitioner made two separate requests to withdraw funds from his Fidelity IRA, one in April 2010 and another in May 2010. Petitioner’s monthly Fidelity investment report for April 2010 shows that he requested a $5,000 distribution, of which $4,500 was sent to him on April 15, 2010, and $500 was withheld to satisfy Federal income tax liability in connection with the distribution. Petitioner’s Fidelity investment report for May 2010 shows that he requested a $12,832 distribution, which was sent entirely to him on May 3, 2010; no Federal tax was withheld. Petitioner used the funds he received from Fidelity to reimburse his friend and to replenish his bank account. Fidelity issued petitioner a Form 1099-R, Distributions From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., in which it reported $17,832 in distributions and listed the entire $17,832 as taxable income. On his Form 1040A, U.S. Individual Income Tax Return, for tax year 2010 petitioner reported receipt of the $17,832 in distributions from his Fidelity IRA on line 11a, IRA Distributions. He did not report any of the $17,832 as taxable income as a result of those distributions on line lib, Taxable Amount. On July 2, 2012, respondent issued petitioner a notice of deficiency which determined a deficiency of $4,590 and treated the $17,832 withdrawal from the IRA as taxable income. OPINION Generally, the Commissioner’s determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). The parties do not dispute any material facts; therefore, the burden of proof is not at issue. I. CSRS CSRS is a statutorily created retirement plan designed to provide retirement benefits in the form of annuities and lump-sum benefits to Federal civil service employees. See generally 5 U.S.C. secs. 8331-8351 (2006). The statutory provisions governing CSRS do not include a provision allowing pretax employee contributions. Id. An eligible employee contributes portions of his or her salary to CSRS, and the employing agency withholds the contributions from the employee’s salary. Id. sec. 8334(a)(1)(A); Malbon v. United States, 43 F.3d 466, 467 (9th Cir.1994); see also Logsdon v. Commissioner, T.C. Memo. 1997-8, slip op. at 3-4. Matching contributions are made from funds appropriated for the employing agency. 5 U.S.C. sec. 8334(a)(l)(B)(i). To assure that income will be taxed only once, the Internal Revenue Code deems an annuity, such as one for a CSRS participant, to have two components: one taxable, one not. See sec. 72; Montgomery v. United States, 18 F.3d 500 (7th Cir. 1994). The employing agency withholds a mandatory contribution from the employee’s salary, and that withheld amount is after-tax income because it is taxable for the year in which it is withheld. Malbon, 43 F.3d at 467. On distribution that portion is nontaxable because it was already subject to tax. See Montgomery, 18 F.3d at 500. The amount contributed by the employing agency and any interest earned on the employee’s investment are not taxed to the employee until distributed. Secs. 72, 402(a). This portion of the distribution is the taxable component. Montgomery, 18 F.3d at 500. Petitioner contends that all distributions from CSRS are taxable and that unless the distributions from his IRA are excluded from income, he will be subject to double taxation. Petitioner will not be subject to double taxation, however, because under section 72 he will be able to exclude from his gross income CSRS distributions attributable to his previously taxed contributions to the plan. See sec. 72(c)(1)(A). Section 72(c)(1)(A) and (B) defines “investment in the contract” as of the annuity starting date as “the aggregate amount of premiums or other consideration paid for the contract, minus * * * the aggregate amount received under the contract before such date, to the extent that such amount was excludable from gross income under this subtitle or prior income tax laws.” CSRS provisions include that “[e]ach employee or Member credited with civilian service after July 31, 1920, for which retirement deductions or deposits have not been made, may deposit with interest an amount equal to * * * [certain statutorily defined] percentages of his basic pay received for that service”. 5 U.S.C. sec. 8334(c). This provision allows civil service employees to elect to make a deposit for creditable Government service and thus increase their CSRS retirement annuity. See Dela Cruz v. OPM, 553 Fed. Appx. 977 (Fed. Cir. 2014). II. Rollover Contributions Under Section 408(d)(3) In general, any amount paid or distributed out of an individual retirement plan is included in the gross income of the payee or distributee as provided in section 72. Sec. 408(d)(1); Arnold v. Commissioner, 111 T.C. 250, 253 (1998). This general rule does not apply to a rollover contribution. See sec. 408(d)(3)(A). A rollover contribution is any amount paid or distributed out of an IRA or individual retirement annuity to the individual for whose benefit the account or annuity is maintained if the entire amount received is paid into an eligible retirement plan no later than 60 days after receipt. Sec. 408(d)(3)(A)(ii); see also Schoof v. Commissioner, 110 T.C. 1, 7 (1998). An “eligible retirement plan” is defined as any (1) qualified trust; (2) annuity plan described in section 403(a); (3) eligible deferred compensation plan described in section 457(b) which is maintained by an eligible employer described in section 457(e)(1)(A); or (4) annuity contract described in section 403(b). Secs. 408(d)(3)(A), 402(c)(8)(B). A “qualified trust” is any employees’ trust described in section 401(a) which is exempt from tax under section 501(a). Sec. 402(c)(8)(A). Respondent does not dispute that CSRS is a qualified trust.[1] Respondent contends, however, that petitioner’s deposit to CSRS does not constitute a rollover contribution under section 408(d)(3) because CSRS does not, and is not required to, accept rollovers.[2] Even though there is no specific provision in the Internal Revenue Code concerning whether a qualified trust must accept a rollover that is an indirect transfer from an IRA in order to constitute an eligible retirement plan for purposes of section 408(d)(3), this issue is contemplated in similar circumstances. Section 401(a)(31)(E) and the legislative history associated with the rollover provision of section 402 address this issue in the context of transfers from other qualified trusts. For the purpose of a direct transfer of eligible rollover distributions, a qualified trust plan must permit distributees to elect to have a distribution paid directly to an eligible retirement plan, which for this purpose must be a defined contribution plan that permits the acceptance of rollover distributions. The Senate report explaining this provision includes the following statement: “As under present law, a transfer cannot be made to another qualified plan unless the terms of the transferee plan permit the acceptance of such transfer.” 138 Cong. Rec. S8180 (1992). The instant case does not involve a defined contribution plan; rather, it involves a defined benefit plan. However, for the reasons explained below, we conclude and hold that because CSRS did not accept petitioner’s remittance as a rollover, he must include his withdrawals in his taxable income for 2010. The letter that OPM sent to petitioner after he retired explained how he could make a deposit to make up for years for which no retirement contributions were withheld from his pay. The letter requested that a check be sent to OPM for these contributions; it is silent on whether the deposit can be made as a rollover. Title 5 U.S.C. sec. 8334(c) does not specifically permit civil service employees to remit the deposit by means of a tax-free rollover contribution from an IRA or another eligible retirement plan. The regulations promulgated under 5 U.S.C. sec. 8334(a)(2) likewise do not require CSRS to accept tax-free rollovers as a form of deposit. 5 C.F.R. sec. 831.303 (2001). Amounts deposited under 5 U.S.C. sec. 8334(c) allow civil service employees to make up for years in which there were no contributions from their salaries. See 5 C.F.R. sec. 831.303. Deposited amounts take the place of after-tax contributions that were not originally made. See 5 U.S.C. sec. 8334(a), (c). Only the portion of a distribution from an IRA that is otherwise includible in gross income may be rolled over from the IRA to an eligible retirement plan other than an IRA. Sec. 408(d)(3)(A)(ii); see Janine H. Bosley & Martha L. Hutzelman, Qualified Plans — Taxation of Distributions, 370-3d Tax Mgmt. (BNA), at A-158. After-tax contributions that were made to an IRA cannot be rolled over. See sec. 408(d)(3)(A)(ii); see also Bosley & Hutzelman, supra, at A~ 158. A rollover contribution does not result in taxation until distribution. See secs. 72, 408(d)(3)(A). The instant case involves an indirect transfer. Because it was not a direct transfer, CSRS was likely not aware that petitioner was attempting to make a tax-free rollover contribution, and there is nothing in the record to suggest that petitioner informed CSRS of his attempt to' make a rollover. Unless it explicitly accepted rollovers, a qualified plan such as CSRS would not be aware of the proper tax treatment of the payment upon distribution. Even if CSRS accepted rollovers, section 408(d)(3)(A)(ii) would permit it to accept as a rollover only the portion of the IRA distribution includible in gross income. Petitioner attempted to effect a rollover in order to make the payment to CSRS with pretax dollars. Petitioner did not distinguish for CSRS the extent to which the payment was made with pre- or post-tax dollars. Petitioner’s deposit was to make up for wage contributions which were not withheld in prior years; those contributions would have been taxable. CSRS does not provide for the acceptance of rollovers. Because the payment was not accepted as a pretax contribution, it is taxable. See Montgomery, 18 F.3d at 500. Therefore, section 408(d)(3) does not apply and the $17,832 petitioner withdrew from his Fidelity IRA must be included in gross income under section 408(d)(1). Any contention we have not addressed is irrelevant, moot, or meritless. To reflect the foregoing, Decision will be entered for respondent. Reviewed by the Court. Thornton, Colvin, Gale, Goeke, Paris, Lauber, and Nega, JJ., agree with this opinion of the Court. The Commissioner has taken the position in published guidance that CSRS is a qualified trust under sec. 401(a). See Rev. Rul. 74-138, 1974-1 C.B. 29, 30 (“[CSRS] is a qualified trust under section 401(a) of the Code and is exempt from Federal income tax under section 501(a).”); Rev. Rul. 68-486, 1968-2 C.B. 184; Rev. Rul. 58-472, 1958-2 C.B. 30; IRS Publ’n 721, Tax Guide to U.S. Civil Service Retirement Benefits 13 (rev. Feb. 22, 2011) (“CSRS, FERS, and TSP are considered qualified retirement plans” for the purpose of determining whether a CSRS distribution can be used in a tax-free rollover to another plan or trust). CSRS is a plan that meets the requirements of sec. 401(a). Guilzon v. Commissioner, 97 T.C. 237, 241 (1991), aff’d, 985 F.2d 819 (5th Cir. 1993); Gomez v. Commissioner, T.C. Memo. 1996-212, slip op. at 5; Roundy v. Commissioner, T.C. Memo. 1995-298, aff’d, 122 F.3d 835 (9th Cir. 1997); Shimota v. United States, 21 Cl. Ct. 510, 519 (1990), aff’d, 943 F.2d 1312 (Fed. Cir. 1991). Respondent also contends that petitioner’s deposit to CSRS is not a rollover because the funds paid to CSRS were not a distribution from an IRA. We have held that the phrase “if the entire amount is contributed into an eligible retirement plan” is not to be read so narrowly as to require the taxpayer to roll over the exact same money that he or she received in the distribution from the IRA. Zaklama v. Commissioner, T.C. Memo. 2012-346, at *68. Respondent did not raise the issue of the second IRA distribution’s taking place after petitioner’s deposit to CSRS, and we deem respondent to have waived that issue. In any event, our disposition of this case does not require addressing the timing of the second distribution.