NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3350

JULITA V. ESPOSO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Julita V. Esposo, of Aspostol, San Felipe, Philippines, pro se.

J. Hunter Bennett, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3350

JULITA V. ESPOSO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF-0831-08-0254-I-1.

_____

DECIDED: April 2, 2009

_____

Before NEWMAN, MAYER, and GAJARSA, Circuit Judges.

PER CURIAM.

Julita V. Esposo appeals a final order of the Merit Systems Protection Board affirming an Office of Personnel Management ("OPM") decision that denied her application to make a deposit for Civil Service Retirement System ("CSRS") deductions she claims should have been withheld from her deceased husband's salary. See Esposo v. Office of Pers. Mgmt., No. SF-0831-08-0254-I-1 (M.S.P.B. Aug. 19, 2008). We affirm.

Ms. Esposo's deceased husband, Herman Esposo, was employed in the Public Works Department at the Subic Bay United States Naval Base in the Philippines from

1946 to 1986. No CSRS deductions were withheld from his salary. Instead, he was covered by the Filipino Employment Personnel Instructions ("FEPI") retirement system and upon his retirement, on December 3, 1986, he was entitled to 40 months of retirement pay based upon his government service.

After her husband's death, Ms. Esposo applied for a CSRS survivor annuity. OPM, however, denied her request, concluding that because Mr. Esposo never served in a position covered by the CSRS, Ms. Esposo was not entitled to a survivor annuity. Ten years later, Ms. Esposo appealed the denial of her request for a survivor annuity, but the board dismissed her appeal as untimely filed.

On May 20, 2007, Ms. Esposo filed an application with OPM in which she sought to make a deposit to make up for CSRS deductions that she alleged should have been deducted from her deceased husband's salary. After OPM denied her application, Ms. Esposo appealed to the board. The board concluded that since Ms. Esposo's husband had never held a position covered by the CSRS, she was not eligible to make a CSRS deposit on his behalf. Ms. Esposo then timely appealed to this court.

This court's review of a board decision is limited by statute. We must affirm such a decision unless it is arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, obtained without required procedures, or not supported by substantial evidence. 5 U.S.C. § 7703(c); Farrell v. Dep't of Interior, 314 F.3d 584, 589 (Fed. Cir. 2002).

Substantial evidence supports the board's determination that Mr. Esposo never served in a position covered by the Civil Service Retirement Act and that Ms. Esposo was therefore not entitled to make a CSRS deposit on his behalf. "To qualify for a civil

service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years prior to separation must be 'covered service,' i.e., service that is subject to the Civil Service Retirement Act." Quiocson v. Office of Pers. Mgmt., 490 F.3d 1358, 1360 (Fed. Cir. 2007); see 5 U.S.C. § 8333. As the board correctly determined, none of Mr. Esposo's service in the Philippines constituted "covered service" which would have entitled Ms. Esposo to CSRS benefits. See 5 C.F.R. § 831.201(a) (providing that temporary, intermittent and excepted indefinite appointments are excluded from CSRS coverage); Quiocson, 490 F.3d at 1360 (noting that employees with "temporary and indefinite appointments" are "excluded from CSRS retirement coverage").

Although Ms. Esposo alleges that her husband's service from 1946 to 1949 was covered by the CSRS, she presents no persuasive evidence to support her allegations. To the contrary, the fact that Mr. Esposo participated in the FEPI retirement system is evidence that he was not eligible to participate in the CSRS. See Quiocson, 490 F.3d at 1360 (An employee's "receipt of benefits under [the FEPI retirement system] indicates that his service was not covered under the CSRS."); De Guzman v. Dep't of Navy, 231 Ct. Cl. 1005, 1005-06 (1982) (noting that the CSRS "does not include an employee subject to another retirement system for Government workers"). Likewise, the fact that no CSRS deductions were taken from Mr. Esposo's salary indicates that he was not eligible to participate in the CSRS program. See Quiocson, 490 F.3d at 1360 ("The absence of [CSRS] deductions is an indication that an employee was not serving in a covered position."). Indeed, documents issued in connection with a June 3, 1949,

reduction in force indicate that Mr. Esposo was a Schedule A employee, and thus not subject to civil service rules and regulations. See 5 C.F.R. § 6.4.

Ms. Esposo asserts that 5 U.S.C. § 8334 gives her the right to make a CSRS deposit. That statute gives current and former federal employees who have eligible CSRS service the right to make a deposit for service for which deductions or deposits have not been made. It does not, however, allow someone with no eligible CSRS service to make a CSRS deposit. As we explained in Quioscon, "[a] retroactive deposit does not convert a non-covered position into a covered position." 490 F.3d at 1360.

We likewise reject Ms. Esposo's assertion that 5 C.F.R. § 831.2104(b) permits her to make a CSRS deposit. Nothing in that regulation eliminates the requirement that an employee must have CSRS eligible service in order to make a CSRS deposit.

We have considered Ms. Esposo's remaining arguments but find them unpersuasive. We therefore affirm the board's decision denying her request to make a CSRS deposit on her husband's behalf.