NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ROMEO M. CALIMLIM,**
*Petitioner,*

v.

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2012-3097

---

Petition for review of the Merit Systems Protection Board in case no. SF0831110412-I-1.

---

Decided: July 16, 2012

---

ROMEO M. CALIMLIM, Zambales, Philippines, pro se.

DAVID D'ALESSANDRIS, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DONALD E. KINNER, Assistant Director. Of counsel on the brief

was JO-ANN CHABOT, Office of Personnel Management, Office of the General Counsel, of Washington, DC.

———————————

Before BRYSON, PROST, and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Romeo Calimlim appeals the final decision of the Merit Systems Protection Board ("MSPB" or "Board") affirming the Office of Personnel Management's ("OPM's") ruling that Mr. Calimlim does not qualify for a Civil Service Retirement System ("CSRS") annuity and is ineligible to make retroactive deposits into the CSRS fund. *Calimlim v. Office of Pers. Mgmt.*, No. SF083110412-I-1 (M.S.P.B. Jan. 6, 2012). We *affirm*.

## BACKGROUND

Romeo Calimlim worked as a helper, and later as a patternmaker for the Department of the Navy in Subic Bay, Philippines from 1965 to 1992. His position was an indefinite appointment and at no point during his service did he make retirement deductions. According to the only Standard Form 50 on record, at the time of his resignation, his retirement plan was "other" and his annuitant indicator was "not applicable." In 1992, when he resigned, Mr. Calimlim received "lump-sum benefits equivalent to 105% of 26 months pay based on 26 years . . . in accordance with [Filipino Employment Personnel Instructions ('FEPI')]." Resp't's App. 54. Sixteen years after his resignation, Mr. Calimlim submitted an application to make a deposit, comprising a percentage of his pay with interest, into the CSRS fund and an application for deferred retirement. On October 2, 2008, OPM denied his application because he never served in a position subject to CSRS. Upon reconsideration, OPM affirmed its initial

decision, explaining that Mr. Calimlim had not satisfied one of the two prerequisites for annuity benefits: none of his time with the Navy was "covered service."

Mr. Calimlim appealed to the MSPB. On July 11, 2011, the Board's administrative judge affirmed OPM's decision. The administrative judge held that Mr. Calimlim had not met his burden of proving that he qualified for an annuity under CSRS because he did not establish that he had at least one year of covered service in the last two years of his position, as required by 5 U.S.C. § 8333(b). The administrative judge also noted that excepted indefinite appointments, such as Mr. Calimlim's, are excluded from CSRS by statutes and regulations. With regards to Mr. Calimlim's application to make deposits, the administrative judge held that he did not qualify as an employee as defined by 5 C.F.R. § 831.112(a), because, according to the regulation, such an employee would need to be eligible for a CSRS annuity, which Mr. Calimlim was not. Mr. Calimlim petitioned for review. On January 2, 2012, the full Board denied the petition, agreeing with the administrative judge that Mr. Calimlim is ineligible for a CSRS annuity and thus ineligible to make a deposit into the CSRS fund. It noted that a retroactive deposit, such as the one Mr. Calimlim requests, cannot convert non-covered service into covered service entitling him to a CSRS annuity.

Mr. Calimlim appeals the MSPB's denial of his petition for rehearing.

### DISCUSSION

The scope of review in an appeal from an MSPB decision is limited. We can only set aside a MSPB decision if it was "(1) arbitrary, capricious, an abuse of discretion, or

otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003).

Mr. Calimlim challenges OPM's decision, as affirmed by MSPB, on two grounds: (1) that he is entitled to a CSRS annuity, and (2) that he can make deposits into a CSRS fund. To qualify for a CSRS annuity, a government employee must complete (1) five years of creditable service, and (2) at least one of two years of covered service in the two years prior to separation. 5 U.S.C. § 8333. "Covered service" is service that is subject to CSRS. *Id.*; *see Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007). Service rendered under, inter alia, temporary or indefinite appointment is excluded from "covered service" under OPM regulations. *See* 5 C.F.R. § 831.201(a). Mr. Calimlim bears the burden of proving entitlement to the benefit he seeks by a preponderance of the evidence. *Id.* § 1201.56(a)(2).

Mr. Calimlim argues that he qualifies for a CSRS annuity. The MSPB did not dispute, nor do we, that his twenty-six years of service is creditable. Rather, the issue is whether either of his last two years of service qualifies as covered service, as required by the statute. In this regard, even Mr. Calimlim admits that his 1965 appointment constituted creditable service "but not covered service because it was not subjected to CSR [sic] deductions." Pet'r's Br. 8.[1] In addition to these admissions, the fact that no CSRS pay contributions were ever withheld

---

[1] *See also* Pet'r's Br. 12-13 ("The indefinite category of my appointment had been included in 5 C.F.R. 831.303(a) making my indefinite appointment excluded by the CSRA [sic] . . . .").

from his pay and that he received benefits under a non-CSRS plan—the FEPI plan—indicates that his service was not covered under the CSRS. 5 U.S.C. § 8331(1)(L)(ii) (excluding, from term "employee" "an employee subject to another retirement system for Government employees"); *see Quiocson*, 490 F.3d at 1360 (finding, the fact that a deceased employee at Subic Bay never paid into the CSRS fund or received benefits under FEPI supported classification of his service as not "covered service"). Thus, the MSPB did not err in finding that Mr. Calimlim did not meet his burden of establishing entitlement to a CSRS annuity.

Because Mr. Calimlim cannot establish that he is entitled to a CSRS annuity, the MSPB did not err in denying his request to make a deposit to remedy the fact that no CSRS deposits were withheld from his pay. Under 5 U.S.C. § 8334(c), employees or members for whom retirement deductions or deposits have not been made are permitted to make retroactive deposits with interest. OPM regulations explain that

> [a] person may make a deposit or redeposit under [5 U.S.C. § 8334(c)] if he or she is an "employee." For purposes of this paragraph, an employee is—. . . (2) A former employee (whose annuity has not been finally adjudicated) who retains civil service annuity rights based on separation from a position in which retirement deductions were properly withheld or remain (or have been redeposited in whole or in part) in the Civil Service Retirement and Disability Fund.

5 C.F.R. § 831.112(a). The MSPB correctly held that because Mr. Calimlim did not separate from a position in which he was entitled to a CSRS annuity, he does not

qualify as an "employee" under this regulation. The fact that retirement deductions were never withheld from his pay provides further evidence that he is not entitled to make a deposit. As we previously held, the absence of deductions is an indication that an employee was not serving in a covered position; a retroactive deposit by such an employee cannot not serve to convert a non-covered position into a covered position. *See Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765-66 (Fed. Cir. 2009); *Quioscon*, 490 F.3d at 1360. Thus, the MSPB did not act in an arbitrary or capricious manner, abuse its discretion, or otherwise act not in accordance with law in upholding OPM's denial of Mr. Calimlim's application to deposit.

The MSPB's final decision upholding OPM's actions is affirmed.

COSTS

Each party shall bear its own costs.

**AFFIRMED**