NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**NEPOMOCINO CALILONG,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

_____

2012-3181

_____

Petition for review of the Merit Systems Protection Board in No. SF0831110645-I-1.

_____

Decided: July 12, 2013

_____

NEPOMOCINO CALILONG, of Zambales, Philippines, pro se.

DEVIN A. WOLAK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Principal Deputy Assistant Attorney General, JEANNE E. DAVIDSON, Director, and DEBORAH A. BYNUM, Assistant Director.

_____

Before NEWMAN, LOURIE, and TARANTO, *Circuit Judges*.

PER CURIAM.

Nepomocino Calilong appeals from the final order of the Merit Systems Protection Board (the "Board") affirming the decision by the Office of Personnel Management ("OPM") that he was not eligible to make a deposit to the Civil Service Retirement and Disability Fund (the "Fund"). *See Calilong v. Office of Pers. Mgmt.*, No. SF-0831-11-0645-I-1 (M.S.P.B. Oct. 3, 2011) ("*Initial Decision*"); (M.S.P.B. June 25, 2012) ("*Final Order*"). Because the Board's decision was supported by substantial evidence and is in accordance with law, we *affirm*.

## BACKGROUND

Calilong worked for the U.S. Department of the Navy from 1967 to 1973, first as an aircraft cleaner at the U.S. Naval Air Station at Cubi Point, Philippines, then as a packing worker at the U.S. Naval Supply Depot at Subic Bay, Philippines.

In May 2008, Calilong filed an application to make a deposit into the Fund. Resp't's App. at 5. In October 2008, after searching its files and finding no records of Calilong's service, OPM concluded that any position that Calilong may have held was not one that was subject to the Civil Service Retirement Act ("CSRA"); it therefore issued an initial decision denying his application on the ground that he was not employed in a position subject to Federal retirement deductions and was not otherwise entitled to an annuity. *Id.* at 12.

Calilong requested reconsideration of OPM's determination, *id.* at 13, and in January 2011, OPM issued another decision finding that Calilong was not eligible to contribute to the Fund, *id.* at 20. OPM explained that, according to Calilong's U.S. Civil Service Commission Standard Form-50s ("SF-50"), *id.* at 33–35, Calilong's employment with the Navy was not subject to the CSRA

because the positions he held were excepted indefinite appointments and accordingly no contributions to the Civil Service Retirement System ("CSRS") had been deducted from his pay, *id.* at 20–22.

Calilong then appealed to the Board, and the administrative judge (the "AJ") issued an initial decision affirming OPM's reconsideration decision. *Initial Decision* at 4. The AJ found that the notations on all of Calilong's SF-50s, which stated that his retirement coverage was "none" or "other," supported OPM's conclusion that Calilong was employed in a position excluded from CSRA coverage and that Calilong did not allege that any retirement contributions were ever withheld from his pay during Federal service. *Id.* at 3.

On review, the full Board issued a final order affirming the AJ's initial decision. *Final Order* at 3. The Board specifically noted that 5 C.F.R. § 831.303(a) provides only for the way creditable service—not covered service—is to be determined and factored into annuity calculations; it did not change the result of this case because it is inapplicable to petitioners like Calilong who have never been employed subject to the CSRA. *Id.* at 2.

Calilong appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a Board decision is limited. We can only set aside the Board's decision if it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c); *see Briggs v. Merit Sys. Prot. Bd.*, 331 F.3d 1307, 1311 (Fed. Cir. 2003). Moreover, we are limited to review of the administrative record. *Rockwell v. Dep't of Transp.*, 789 F.2d 908, 913 (Fed. Cir. 1986). The Board's decision is supported by substantial evidence "if it is supported by such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion." *Brewer v. U.S. Postal Serv.*, 647 F.2d 1093, 1096 (Ct. Cl. 1981) (internal quotation marks omitted).

In order to qualify for a civil service retirement annuity, a government employee ordinarily must complete five years of creditable service, at least one of the two years prior to separation being "covered service," *i.e.*, service that is subject to the CSRA. *See* 5 U.S.C. § 8333; *Quioscon v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).

Pursuant to 5 U.S.C. § 8347(g), agencies are authorized to exclude various types of civil service positions from CSRA coverage. Accordingly, OPM has promulgated a regulation that excludes nonpermanent, indefinite appointments from CSRS retirement coverage. 5 C.F.R. § 831.201(a)(13). *See also Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 519 (Fed. Cir. 1995) (upholding OPM's exclusion of indefinite appointments).

It is undisputed that Calilong was not employed by the government at the time of his application. His only recourse, therefore, was to demonstrate that his past employment constituted covered service and that he had held a covered position for at least two years. Calilong did not meet this burden because his former positions with the Navy were indefinite, excepted-service positions, which are excluded from CSRA coverage.

Calilong concedes that the "period of appointments and positions were not . . . subjected to deductions and withholding from my basic pay [as] required under 5 U.S.C. Section 8334(a)." Pet'r's Informal Br. 2. Calilong nevertheless contends that the Board erred by allegedly failing to properly consider the effect on his claim of the accounting rules for creditable service delineated in 5 C.F.R. § 831.303(a). He argues that the regulation provides that his employment with the Navy constituted creditable service and that he is therefore eligible to make

a deposit toward, and then receive, a CSRS retirement annuity under 5 U.S.C. § 8334(c). He asserts that such deposit would overcome the problem that no CSRS deductions were withheld from his pay. *Id.* at 2, 9–13.

Calilong's argument fails because it disregards the first step of the inquiry, *viz.*, whether his Federal service was covered by the CSRA. Such coverage is essential. The absence of deductions is an indication that an employee was not serving in a covered position and, a retroactive deposit does not convert a non-covered position into a covered position. *Quiocson*, 490 F.3d at 1360. In any event, no evidence at all supports Calilong's argument that he occupied a covered position. Furthermore, while § 8334 "gives current and former federal employees who have eligible CSRS service the right to make a deposit for service for which deductions or deposits have not been made, it does not, however, allow someone with no eligible CSRS service to make a CSRS deposit." *Esposo v. Office of Pers. Mgmt.,* 321 F. App'x 961, 963 (Fed. Cir. 2009).

Thus, Calilong cannot claim the right to deposit into the Fund absent proof that he was eligible to avail himself of that process. We therefore conclude that the Board did not err in holding that Calilong was not entitled to a CSRS retirement annuity because the Board's finding that he never served in a covered position was supported by substantial evidence.

We have considered Calilong's remaining arguments and conclude that they are without merit. For the foregoing reasons, the decision of the Board is affirmed.

**AFFIRMED**

COSTS

No costs.