NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ILUMINADO DELA CRUZ,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2013-3156

---

Petition for review of the Merit Systems Protection Board in No. SF0842120596-I-1.

---

Decided: January 13, 2014

---

ILUMINADO DELA CRUZ, of Santo Nino, San Felipe, Zimbales, Philippines, pro se.

ANTONIA R. SOARES, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With her the brief were STUART F. DELERY, Assistant Attorney General, BRYANT G. SNEE, Acting Director, and CLAUDIA BURKE, Assistant Director.

---

Before RADER, *Chief Judge,* TARANTO, and CHEN, *Circuit Judges.*

PER CURIAM.

Iluminado Dela Cruz petitions for review of a final decision of the Merit Systems Protection Board that affirmed a decision of the Office of Personnel Management denying his request for a deferred annuity under the Civil Service Retirement System (CSRS). *Dela Cruz v. Office of Pers. Mgmt.,* No. SF-0842-12-0596-1-1 (Merit Sys. Prot. Bd. July 2, 2013). The CSRS is the retirement-benefits system established under the Civil Service Retirement Act, Pub. L. No. 64-854, 70 Stat. 746 (1956); 5 U.S.C. § 8333 (1994). The Board determined that Mr. Dela Cruz was not entitled to the requested annuity because his federal service was not in a position covered by the CSRS. Because the Board's decision is supported by substantial evidence and is in accordance with law, we affirm.

BACKGROUND

Iluminado Dela Cruz was employed by the Department of the Navy from January 3, 1968, until his resignation on February 18, 1977. He worked as a painter at the Naval Ship Repair Facility in the Philippines. He has presented no evidence that the Navy ever classified his position as one covered by the CSRS or that he ever contributed to the Civil Service Retirement and Disability Fund. Instead, every Notification of Personnel Action— Standard Form 50 (SF-50)—in the record lists his retirement coverage as "None."

On April 26, 2005, Mr. Dela Cruz signed an "Application for Deferred Retirement" that sought a retirement annuity under the CSRS. To support his application, he submitted SF-50s that document his service from January 1968 to February 1977. The Office of Personnel Management denied his application because the SF-50s "clearly show[] the service claimed was not under the Civil Service

Retirement [System]." J.A. 28. After Mr. Dela Cruz requested reconsideration, the Office issued a final decision that affirmed that he was not entitled to an annuity under the CSRS. Specifically, the Office found that his service "was excluded from [CSRS] coverage under" 5 C.F.R. § 831.201(a)(12), (13). J.A. 34.

Mr. Dela Cruz appealed the denial of his application to the Board. In September 2013, an administrative judge affirmed the denial of his application, again on the ground that he never served in a position covered by the CSRS. *Dela Cruz v. Office of Pers. Mgmt.*, No. SF-0842-12-0596-1-1 (Merit Sys. Prot. Bd. Sept. 17, 2013). He petitioned for reconsideration, and in July 2013, the Board entered a final order denying his application for a deferred retirement annuity under the CSRS. *Dela Cruz*, No. SF-0842-12-0596-1-1 (Merit Sys. Prot. Bd. July 2, 2013). The Board found that, while employed by the Navy, he served in excepted temporary and excepted indefinite appointments, which are excluded from coverage under the CSRS.

Mr. Dela Cruz has timely appealed to this court, which has jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c).

To qualify for a civil service retirement annuity, a government employee ordinarily must complete at least five years of creditable service, and at least one of the two years before separation must be in "covered" service, *i.e.*, service that is subject to the Civil Service Retirement

System.  *See* 5 U.S.C. § 8333(a)-(b); *Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).  Not all creditable service is covered service.  *See Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995).  "Covered service only includes an appointment that is subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund."  *Id.*  Under 5 U.S.C. § 8347(g), the Office of Personnel Management "may exclude from" coverage under the CSRS "an employee or group of employees in or under an Executive agency whose employment is temporary or intermittent."  The Office has promulgated specific regulatory exclusions from covered service.  5 C.F.R. § 831.201(a)(1)-(17).  Among the excluded employees are (1) "[e]mployees serving under appointments limited to one year or less," *id.* § 831.201(a)(1), and (2) "[e]mployees serving under nonpermanent appointments, designated as indefinite," *id.* § 831.201(a)(13).

Mr. Dela Cruz does not challenge the Board's finding that he served only in excepted temporary and excepted indefinite appointments that were not covered by the CSRS.  *See, e.g.*, Informal Br. of Appellant at 3 ("[M]y service . . . was not subject to retirement deduction because it was excluded from retirement coverage under 5 C.F.R. § 831.201.").  Indeed, we see no evidence that CSRS deductions were made from Mr. Dela Cruz's pay, and his SF-50s reflect his retirement plan as "None," which provides important evidence of a lack of participation in the CSRS.  *See Rosete*, 48 F.3d at 519-20.

Instead, Mr. Dela Cruz contends that, under 5 U.S.C. § 8334(c) and its implementing regulation, 5 C.F.R. § 831.303(a), his creditable service, though not covered by the CSRS, entitles him to make a deposit toward, and then receive, a CSRS retirement annuity.  That contention is wrong.  Section 8334(c) gives current and former federal employees who have eligible CSRS service the right to make a deposit for service for which deductions or

deposits have not been made. It does not, however, allow someone without any service covered by the CSRS to make a CSRS deposit. *See Dela Rosa v. Office of Pers. Mgmt.*, 583 F.3d 762, 765 (Fed. Cir. 2009) ("the class of person permitted to make a deposit pursuant to § 8334(c)" includes only those "former employees" who are "already covered by the CSRS"); *see also Calilong v. Office of Pers. Mgmt.*, 527 F. App'x 950, 952 (Fed. Cir. 2013); *Calimlim v. Office of Pers. Mgmt.*, 489 F. App'x 458, 460 (Fed. Cir. 2012); *Esposo v. Office of Pers. Mgmt.*, 321 F. App'x 961, 963 (Fed. Cir. 2009). Likewise, 5 C.F.R. § 831.303(a), which allows those already covered by the CSRS to include certain creditable service in calculating a retirement annuity, does not permit Mr. Dela Cruz to make a CSRS deposit for his non-covered service. *See, e.g., Fontilla v. Office of Pers. Mgmt.*, 482 F. App'x 563, 565 (Fed. Cir. 2012) ("There is nothing in the language of 5 C.F.R. § 831.303(a) to support the argument that it retroactively converted 'creditable service' into 'covered service' or changed who qualified for an annuity.").

We therefore conclude that the Board did not err in holding that Mr. Dela Cruz was not entitled to a CSRS retirement annuity because he never served in a covered position.

CONCLUSION

For the foregoing reasons, the decision of the Board is affirmed.

No costs.

**AFFIRMED**