NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOSEFINA YANDOC,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2018-2302

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-18-0341-I-1.

---

Decided: February 6, 2018

---

JOSEFINA YANDOC, San Narciso, Zambales, Philippines, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by JOSEPH H. HUNT, LISA LEFANTE DONAHUE, ROBERT EDWARD KIRSCHMAN, JR.

---

Before PROST, *Chief Judge,* LOURIE and CLEVENGER,
*Circuit Judges.*

PER CURIAM.

Josefina Yandoc appeals from a final decision of the
Merit Systems Protection Board ("the Board") affirming
the Office of Personnel Management's ("OPM") denial of
her request for a survivor annuity under the Civil Service
Retirement System ("CSRS") for her late husband's prior
federal service. *See Yandoc v. Office of Pers. Mgmt.*, No.
SF-0831-18-0341-I-1, 2018 WL 3349615 (M.S.P.B. July 6,
2018), J.A. 1–17. For the reasons that follow, we *affirm*.

## BACKGROUND

Appellant's spouse, Eliseo Yandoc, worked at the U.S.
Naval Station in Subic Bay, Philippines in two distinct pe-
riods. In his first period of employment, January 11, 1946
through April 29, 1949, Mr. Yandoc served as a Clerk Typ-
ist, Senior Clerk Typist, Senior Clerk, Property Clerk,
Principal General Clerk, and Clerk Stenographer. In the
second period, February 11, 1952 to October 10, 1982, he
served as Clerk Stenographer, Progressman, Clerk, Supply
Item Identifier, Clerk-Typist, Administrative Assistant,
and Administrative Officer.

Mr. Yandoc's personnel forms corresponding to his first
period of employment do not indicate any retirement plan
or annuity entitlement. However, the forms corresponding
to Mr. Yandoc's second period of employment are more de-
tailed. Some list his retirement plan as "4-None" and his
annuitant indicator as "9" or "Not Applicable." Others do
not include a retirement code or annuitant indicator and
state "No" as to whether the position was subject to the
CSRS. No form from either period indicates that deduc-
tions were withheld from his pay for the CSRS. A form
issued at Mr. Yandoc's ultimate resignation in 1982 indi-
cates that he was entitled to 34 months retirement pay for
34 years and 22 days of creditable service with the U.S.

Forces Philippines in accordance with the collective bargaining agreement ("CBA") of April 1979.

On September 2, 2014, Ms. Yandoc applied for death benefits seeking a CSRS survivor annuity based on Mr. Yandoc's federal service. The Office of Personnel Management ("OPM") denied her claim, stating that Mr. Yandoc did not serve in a position subject to the CSRS and that, as a result, Ms. Yandoc was not entitled to a civil service survivor annuity. Ms. Yandoc requested reconsideration, and OPM affirmed its initial decision, explaining that Mr. Yandoc's service, while creditable, was not covered service for purposes of receiving an annuity under the CSRS.

Ms. Yandoc appealed to the Board. On July 6, 2018, the Board's Administrative Judge ("AJ") issued an initial decision affirming OPM's decision. Before the AJ, Ms. Yandoc argued that Mr. Yandoc's first period of service was covered service. Further, she claimed that Mr. Yandoc's second period of service was a continuation of the first period and thus was also covered service. Ms. Yandoc also argued that she was entitled to make a deposit for her late husband's service pursuant to 5 C.F.R. § 831.303(a).

The AJ disagreed. Regarding Yandoc's first period of service, the AJ found that "title to an annuity did not attach" because the period of service was less than five years. The AJ also found that Mr. Yandoc's second period of service could not be considered a continuation of the first because the two periods were separated by more than three days. To reach this conclusion, the AJ relied on 5 C.F.R. § 29.2(b) (1959), which provides that there cannot be a carryover of covered status if there was a break in service of more than three days between the two periods of service.

Because Ms. Yandoc did not request full Board review of the initial decision, it became the final decision of the Board on August 10, 2018.

Ms. Yandoc appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The petitioner has the burden of proof of establishing entitlement to the benefit he seeks by a preponderance of the evidence. *See* 5 C.F.R. § 1201.56(b)(2); *Cheeseman v. Office of Pers. Mgmt.*, 791 F.2d 138, 141 (Fed. Cir. 1986).

Ms. Yandoc contends that the Board erred by failing to classify Mr. Yandoc's first period of employment as covered service. Specifically, she argues that "[o]n the face of the documents memorializing [Mr. Yandoc's] 1946 appointment and 1949 reduction in force, [the employment] was not excluded from the CSRA." Pet'r's Br. 5. Citing Executive Order 10180, Ms. Yandoc further maintains that Mr. Yandoc's second period of employment should be considered a continuation of service entitled to "carryover" covered status.

The government responds that Mr. Yandoc's first period of service was not covered service because no deductions were taken from Mr. Yandoc's pay and deposited into the CSRS fund. Resp't's Br. 6. It further contends that Mr. Yandoc's service was not continuous because of his 34-month service break between the two employment periods. Thus, according to the government, even if Mr. Yandoc's first period of employment had been covered service, he still did not serve the required five years to be entitled to a CSRS annuity.

We agree with the government that the AJ did not err in affirming OPM's denial of Ms. Yandoc's request for a survivor annuity.

To be entitled to an annuity, an employee must complete five years of civilian service and at least one of the last two years of that service must be "covered" service, *i.e.*, service that is subject to the CSRA. *See* 5 U.S.C. § 8333; *Rosete v. Office of Pers. Mgmt.*, 48 F.3d 514, 516 (Fed. Cir. 1995). Most government service is "creditable service," but "service that is creditable service is not necessarily covered service." *Herrera v. United States*, 849 F.2d 1416, 1417 (Fed. Cir. 1988). Covered service is more limited in scope and refers to appointments that are "subject to the CSRA and for which an employee must deposit part of his or her pay into the Civil Service Retirement and Disability Fund." *Rosete*, 48 F.3d at 516.

We first consider whether Mr. Yandoc's initial period of employment was covered service. The personnel forms relevant to Mr. Yandoc's first period of employment do not indicate whether Mr. Yandoc's employment was subject to the CSRA. The forms likewise do not indicate that Mr. Yandoc paid contributions into the Civil Service Retirement and Disability Fund. Both of these indications would normally appear if Mr. Yandoc's first period of employment had been covered. Importantly, Mr. Yandoc was ultimately covered under another retirement system in accordance with the U.S. Forces Philippines's CBA. Given these facts, the AJ did not err in finding that Mr. Yandoc's first period of employment did not entitle him to CSRS retirement benefits. *See Quiocson v. Office of Pers. Mgmt.*, 490 F.3d 1358, 1360 (Fed. Cir. 2007).

Similarly, the AJ did not err in finding Mr. Yandoc's second period of service was not subject to the CSRA. For his second period of service, Mr. Yandoc served in a series of indefinite positions from February 11, 1952 until October 10, 1982, which are ineligible for CSRS coverage. *See*

5 C.F.R. § 831.201(a); *Quiocson*, 490 F.3d at 1360; *Calimlim v. Office of Pers. Mgmt.*, 489 F. App'x 458, 460 (Fed. Cir. 2012) ("Service rendered under, inter alia, temporary or indefinite appointment is excluded from 'covered service' under OPM regulations.").

Ms. Yandoc also claims that Mr. Yandoc's second period of service was a continuation of the first and is thus entitled to covered-service classification. Because we conclude that the AJ did not err in finding that Mr. Yandoc's first phase of employment was not covered service, we need not reach Ms. Yandoc's argument that the second period of employment is entitled to carryover covered status.

### CONCLUSION

We have considered Ms. Yandoc's remaining arguments and find them unpersuasive. For the foregoing reasons, we *affirm* the Board's decision.

### AFFIRMED

### COSTS

No costs.